# UNITED STATES DISTRICT COURT

# FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE UNIVERSAL TRADING & INVESTMENT COMPANY,<br><br>REGISTERED JUDGMENT FROM ANOTHER DISTRICT | Docket No. 06-MC-80086 MJJ<br><br>**ORDER DENYING WITHOUT PREJUDICE UNIVERSAL TRADING AND INVESTMENT COMPANY'S APPLICATION FOR ORDER CONFIRMING LEVY OF EXECUTION ON REAL PROPERTY** |

On July 31, 2006, judgment creditor Universal Trading & Investment Co. ("UTICo") filed its Ex Parte Application for an Order authorizing Judgment Creditor to levy execution on its judgment from the United States District Court for the District of Massachusetts registered in this Court on April 21, 2006. On October 9, 2007, UTICo filed a supplemental application in support of its request for an Order Confirming Levy of Execution. On or about October 23, 2007, Defendant Pavel Lazarenko and Dugsbery, Inc., Real Parties in Interest, (hereinafter "Dugsbery") filed an opposition to UTICo's Supplemental Application. UTICo filed its reply brief on October 30, 2007. On November 20, 2007, the Court heard argument on UTICo's request and took the matter under submission. John Aspelin appeared on behalf of UTICo and Doron Weinberg appeared on behalf

of Dugsbery.[1]  Having reviewed the pleadings filed by the parties, the arguments of counsel and considered the exhibits and submissions of counsel the Court finds as follows:

1. On July 7, 2005 the U.S. District Court for the District of Massachusetts entered judgment for Universal Trading and Investment Co. (hereinafter "UTICo") in the action *United Energy Systems of Ukraine v. UTICo*, Case 97cv10180, for damages in the amount of $18,344,480 plus statutory interest until paid.

2. The judgment debt remains unsatisfied.

3. On April 21, 2006 the judgment creditor registered that judgment in this Court. The registration of a judgment from another district has effect in this District as if the judgment was entered in this Court. See *Juneau Spruce Corp. v. Int. Longshoreman's and Warehousemen's Union*, 128 F.Supp. 715, 717 (N.D.Cal.1955).

4. Under California Uniform Fraudulent Transfers Act, California Civil Code, § 3439.04, a transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation (a) with actual intent to hinder, delay or defraud any creditor or (b) without receiving a reasonably equivalent value in exchange for the transfer the debtor was engaged or about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small... or intended to incur debts beyond his or her ability to to pay as they became due. *Annod Corporation v. Hamilton & Samuels*, (2002) 100 Cal. App.4th 1286.

5. Civil Code Section 3439.07 (c), states in pertinent part: If a creditor has obtained a judgment on a claim against a debtor, the creditor may levy execution on the asset transferred or its proceeds.

6. Creditor must establish, *inter alia*, that the transfers were fraudulent and that the creditor was injured as a result of the transfer by a preponderance of evidence. *Whitehouse v. Six*

---

[1]On November 21, 2007 UTICo filed a Notice of No Filing or Compliance asserting that Dugsbery failed to file an opposition to UTICo's Application in a timely matter.  Dugsbery filed its response to UTICo's Notice of No Filing on November 26, 2007.  The Court finds that Dugsbery has timely filed an opposition to the relief sought by UTICo in this matter and, accordingly Dugsbery has not waived its objection(s) to the relief sought herein.

*Corporation et. al.*, (1995) 40 Cal.App.4th 527 534; *Mehrtash v. Mehrtash,* (2003) 93 Cal. App.4th 75, 80.

7. UTICo contends that evidence submitted by judgment creditor (affidavits, transcripts and other evidence) establishes that the proceeds of United Energy Systems of Ukraine were fraudulently transferred to this District for the acquisition of the real property situated at 100 Obertz Lane, Novato, CA., Assessor Nos. 160-57-147, 160-57-148 and that title is held in the name of Dugsbery, Inc

8. The Court having reviewed the record in this matter finds that UTICo has failed to meet its burden to establish that the transfers in question were made with fraudulent intent and/or that UTICo sustained injury as a result of said transfers.

9. The Court notes that while the current record supports its finding(s), the Court enters its decision without prejudice to Applicant's right to seek the relief sought herein by way of summary judgment, after appropriate discovery is afforded to all parties, or by way of trial.

10. Accordingly, UTICo's request for relief is hereby **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated: December 11, 2007

_____
MARTIN J. JENKINS
United States District Judge