United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE UNIVERSAL TRADING & INVESTMENT COMPANY, a Massachusetts Corporation, <br><br> REGISTERED JUDGMENT FROM ANOTHER DISTRICT <br>_____ / | No. C 06-80086 MJJ <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING UTICO'S CROSS-MOTION FOR CONTINUANCE** |

## INTRODUCTION

Before the Court is Defendants' and Real Parties in Interest Pavel Lazarenko and Dugsbery, Inc.'s ("Defendants") Motion for Summary Judgment ("MSJ") pursuant to Federal Rule of Civil Procedure 56(c) ("FRCP 56(c)"). (*See* Docket No. 38.) Defendants move for summary judgment on the grounds that the judgment creditor Universal Trading & Investment Company's ("UTICo") claim under the California Uniform Fraudulent Transfers Act ("CUFTA") is time-barred by California Civil Code Section ("Cal. Civ. Code §") 3439.09(c), which imposes a mandatory bar to all claims, if no action is brought within seven years after a challenged transfer was made. UTICo opposes the MSJ and makes a Cross-Motion for Continuance (*See* Docket No. 39) to allow for additional discovery.

For the following reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment

and **DENIES** UTICo's Motion for Continuance.

## FACTUAL BACKGROUND

The instant proceedings bring the Court's attention to transfers of money made by United Energy Systems of Ukraine ("UESU") to Pavel Lazarenko ("Lazarenko") and Lazarenko-controlled entities, which took place in 1996 and 1997. On September 26, 1997, UESU filed a libel and defamation claim against UTICo in the United States District Court for the District of Massachusetts. On January 23, 1998, UTICo filed its Answer and Counterclaim, in which it sought damages for breach of contract, misrepresentations, unpaid legal fees, and damage to reputation/loss of business.

On May 16, 2001, the parties requested and obtained a stay of litigation pending the outcome of the criminal proceedings in this Court. The action was renewed on January 28, 2005, when UTICo moved to dismiss UESU's complaint and requested a default judgment based on UESU's non-appearance and withdrawal of its U.S.-based attorney. On July 7, 2005, UTICo obtained a default judgment on its counterclaims, setting damages in an amount exceeding 18 million dollars.

On July 31, 2006, UTICo filed an ex parte application with this Court, pursuant to the California Uniform Fraudulent Transfers Act ("CUFTA"), Cal. Civ. Code § 3439.07(c), for an Order authorizing UTICo levy execution on its judgment from the United States District Court for the District of Massachusetts. Specifically, UTICo sought to levy execution on certain real property situated in Novato, California because UTICo alleged that the property was acquired using the fraudulently transferred proceeds of UESU to avoid payment on the default judgment. UTICo's Ex Parte Application ("Application") states:

> UTICo seeks to enforce the judgment by levying under the CUFTA, California Civil Code section 3439.07(c), which states: "if a creditor has obtained a judgment on a claim against the debtor, the creditor may levy execution on the asset transferred or its proceeds."

(*See* Docket No. 6.) In the accompanying Memoranum of Points and Authorities in Support of the Application, UTICo asserted that CUFTA applies and also outlined the basis for its claim under CUFTA. (*See id.*)

On December 11, 2007, this Court issued an Order Denying Without Prejudice UTICo's Application for an Order Confirming Levy of Execution on Real Property, because UTICo failed to

United States District Court
For the Northern District of California

meet its burden under the CUFTA to establish that the transfers in question were made with fraudulent intent and/or that UTICo sustained injury as a result of said transfers. (*See* Docket No. 31.)

On February 29, 2008, Defendants filed the instant summary judgment motion against UTICo. The Motion was brought pursuant to FRCP 56(c) on the grounds that UTICo's claim under CUFTA is time-barred by Cal. Civ. Code § 3439.09(c), which imposes a mandatory bar to all claims if no action is brought within seven years after a challenged transfer was made. Defendants contend that UTICo's claim is barred because any allegedly fraudulent transfers involving the Novato property were made in 1996 and 1997, indicating a limitations period expiring no later than 2004, two years before UTICo brought the claim under CUFTA. Therefore, Defendants contend that UTICo's claim is extinguished, and as such, they are entitled to summary judgment as a matter of law. (*See* Docket No. 38.)

On March 14, 2008, UTICo filed an Opposition ("Opposition") and Cross-Motion for Continuance to conduct additional discovery. (*See* Docket No. 39.) UTICo argues in the Opposition that its original claim is not time-barred by the limitations period contained in Cal. Civ. Code § 3439.09(c). *See* Cal. Code. Civ. Proc. § 683.010. Additionally, UTICo contends that additional discovery is merited as to the factual assertions underlying their claim for levy of execution on the Novato property.

## LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The non-movant's

3

1  bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion
2  for summary judgment. *Anderson*, 477 U.S. at 247-48. An issue of fact is material if, under the
3  substantive law of the case, resolution of the factual dispute might affect the case's outcome. *Id.* at
4  248. Factual disputes are genuine if they "properly can be resolved in favor of either party." *Id.* at
5  250. Thus, a genuine issue for trial exists if the non-movant presents evidence from which a
6  reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the
7  material issue in its favor. *Id.* However, "[i]f the [non-movant's] evidence is merely colorable, or is
8  not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations
9  omitted).

## ANALYSIS

Defendants move for summary judgment on the basis that Judgment Creditor UTICo's Application to levy execution on certain real property situated in Novato, California is time-barred. UTICo seeks to enforce the default judgment against Defendants, solely with respect to the Novato property, by invoking the provisions of CUFTA. (*See* Docket No. 6.) Defendants contend that CUFTA contains an absolute bar to any claim raised more than seven years after an allegedly fraudulent transfer. Because UTICo brings this claim approximately nine years after the allegedly fraudulent transfers occurred, and more than eight years after the Novato property was purchased, Defendants argue that UTICo's claim is time-barred under CUFTA.

Defendants are correct that Cal. Civ. Code § 3439.09(c) bars a claim under CUFTA if no action is brought or levy made within seven years after the transfer was made or the obligation incurred. Cal. Civ. Code § 3439.09(c) specifically states that "notwithstanding any other provision of law, a cause of action with respect to a fraudulent transfer or obligation is extinguished if no action is brought or levy made within seven years after the transfer was made or the obligation was incurred." Courts have construed Cal. Civ. Code § 3439.09(c) as an absolute bar to recovery if an action is not brought within seven years from the date of the allegedly fraudulent transfer. These courts have reasoned that the phrase "notwithstanding any other law " indicates express legislative intent to have Cal. Civ. Code § 3439.09(c) control, despite the existence of conflicting laws which might otherwise govern. *See*, *e.g.*, *Macedo v. Bosio*, 86 Cal. App. 4th 1044, 1051 (2001) (noting that

4

the Legislature "clearly meant to provide an overarching, all embracing maximum time period to attack a fraudulent transfer, no matter whether brought under the UFTA or otherwise"); *Forums Ins. Co. v. Comparet*, 62 Fed. Appx 151, 152 (9th Cir. 2003) (stating that the Legislature meant to provide an overarching time period to attack a fraudulent transfer, regardless of whether the claim was brought under the UFTA or otherwise); *Roach v. Lee*, 369 F. Supp. 2d 1194, 1199 (C.D. Cal. 2005) (barring plaintiff's complaint because nine years had elapsed since the date of the allegedly fraudulent transfer, thereby surpassing the seven year limitations period established in Cal. Civ. Code § 3439.09(c)). UTICo does not dispute that the limitations period set forth in Cal. Civ. Code § 3439.09(c) operates in this absolute fashion.

UTICo does contend, however, that the seven-year bar is not applicable to its CUFTA claim under these circumstances because other provisions in CUFTA require this Court to recognize the default judgment granted by the Massachusetts District Court. Cal. Civ. Code § 3439.11 states that "this chapter shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject to this chapter among states enacting it." UTICo contends that § 3439.11 applies to their claim because both Massachusetts and California have enacted the Uniform Fraudulent Transfer Act ("UFTA"). Essentially, UTICo argues that Cal. Civ. Code § 3439.09, titled "Extinguishment of cause of action," should not apply here because of the operation of § 3439.11. The Court is not persuaded by UTICO's argument. Cal. Civ. Code § 3439.11 merely refers to the uniform application of the underlying statute, and does not provide a substantive cause of action separate from Cal. Civ. Code § 3439.07(c). Although Cal. Civ. Code § 3439.11 allows recognition of the Massachusetts judgment in California, for purposes of UTICo's claim, the application of § 3439.11 does not prevent application of the statute of limitations provision contained in § 3439.09(c).

UTICo also points to Cal. Code of Civ. Proc. ("CCP") § 683.010 in support of its contention that a 10-year limitations period should apply instead. UTICo argues that the federal default judgment it received is subject to the general 10-year state of limitation in California for any action on a valid entry of judgment. *See* CCP § 683.010, *et seq*. CCP § 683.010 does not apply to an enforcement of judgment, however, when other applicable statutory provisions exist. CCP §

5

1  683.010 ("Nothing in Section 683.010 limits the authority of the court to stay enforcement of a
2  judgment under any other applicable statutory provisions . . . "). As the Application confirms,
3  UTICo brought the original claim for levy of execution of the real property in Novato pursuant to
4  CUFTA, Cal. Civ. Code § 3439.07(c). (*See* Docket No. 6.) Moreover, the language contained in
5  CUFTA's statute of limitations provision evidences the legislative intent to override all contrary law.
6  Cal. Civ. Code § 3439.09(c). As such, UTICo's assertion that the Application is not subject to
7  CUFTA's statute of limitations is without merit.

8        In a further attempt to avoid application of the seven-year limitations bar, UTICo points to
9  CCP § 708.210 as an alternative basis for substantive relief. CCP § 708.210 allows a judgment
10 creditor to commence enforcement proceedings against a third person who has possession of
11 property in which the judgment debtor has an interest, or where the third person is indebted to the
12 judgment debtor. UTICo argues that their claim is not time-barred under CCP § 708.210 because
13 the statute of limitations under CCP § 708.210 does not start to run until a lien is created on the
14 property, and no lien has been created on the Novato property. Thus, UTICo argues that the statute
15 of limitations has not commenced to run. However, UTICo has not pointed to any evidence in the
16 record indicating that Defendants constitute a third party in possession of property in which UTICo
17 has an interest, or that Defendants are indebted to UTICo. In any event, the Court need not deride
18 the availability of relief under CCP § 708.210 to resolve Defendants' Motion for Summary
19 Judgment, because UTICo's sole claim in the Application arises under CUFTA.

20       The Court therefore finds that the seven-year limitations period established by Cal. Civ.
21 Code § 3439.09(c) applies to the relief sought by UTICo in this action. UTICo asserted in the
22 Application that CUFTA applies and establishes the basis for its claim for levy of execution on the
23 real property. (*See* Docket No. 6.) UTICo's Application does not rely on any other substantive law
24 as the basis for the relief it seeks.

25       Having established that a seven-year limitations period applies to UTICo's claim, the Court
26 finds that the undisputed record establishes that the seven-year period expired before UTICo filed its
27 Application in this action. As Defendants point out, UTICO itself concedes that the fraudulent
28 transfers that resulted in the purchase of the real property in Novato, California, were made by the

6

relevant parties in 1996 and 1997.  (*See* Docket No. 6.)  Because the most recent fraudulent transfer relating to the Novato property occurred in 1997, the statute of limitations under Cal. Civ. Code § 3439.09(c) expired in 2004.  Even if the Court calculates the statute of limitations period based upon the purchase date of the Novato property, September 3, 1998, the statute of limitations would have expired in 2005.  UTICo did not file its Application in this action until July 31, 2006.

Moreover, on this record, there is no evidence that would establish that the statute of limitations period was tolled by prior assertion of the same claim.  There is no evidence in the record that UTICo, when litigating before the United States District Court of Massachusetts, ever brought a claim under the Uniform Fraudulent Transfers Act ("UFTA") relating to the property located in Novato, California.

UTICo suggests there is a triable issue of fact that precludes entry of summary judgment because fraudulent transfers that would trigger the limitations period allegedly continued to occur after 1997.  UTICo submits no evidence of such later fraudulent transfers, but cross-moves for a continuance to conduct further discovery into the timing of the fraudulent transfers and into Defendants' fradulent intent.  UTICo argues, based upon information and belief, that discovery will highlight that fraudulent transfers continued until "1-2 years ago or so," such that their claim for relief falls within CUFTA's statute of limitations period.  (Opposition at 5.)  UTICo has not, however, identified what discovery it would take and what specific facts discovery will elucidate to demonstrate that the fraudulent transfers relating to the Novato property continued past 1997.  UTICo's showing therefore fails to satisfy FRCP 56(f).  Furthermore, because UTICo seeks to levy execution on real property, the Court does not see how any fraudulent transfers relating to the relief that UTICo seeks could have continued after the purchase date of the Novato property on September 3, 1998.  For these reasons, and for the reasons stated on the record by the Court at oral argument, the Court **DENIES** UTICo's Cross-Motion for Continuance.

Finally, UTICo raises several factual issues that are irrelevant to resolution of Defendants' motion because they are unrelated to the timing of the fraudulent transfers relating to the Novato property and CUFTA's mandatory seven-year statute of limitations period.  UTICo asserts the following immaterial facts that the Court need not address in considering the MSJ: (1) UTICo

7

contends that UESU is not dissolved, and is in fact still viable and active in the Ukraine;  (2) UTICo disputes Defendants' assertion that Lazarenko was "only an outside receiver of UESU fraudulent transfers," and asserts that Lazarenko is a 50% owner;  (3) UTICo disputes that Defendants' title to the property in Novato has never vested;  (4) UTICo argues that it has both future and immediate rights to the Novato property because Defendants are liable to UTICo for converted assets;  (5) UTICo asserts that "UESU is subject to piercing the corporate veil and collection from Lazarenko." (*See* Docket No. 39.)  These contentions set forth by UTICo do not constitute material issues of triable fact for the purpose of overcoming Defendants' MSJ, as they have no bearing on whether UTICo's Ex Parte Application to levy on property located in Novato, California, is time-barred by Cal. Civ. Code § 3439.09(c).

Therefore, based upon the mandatory bar to all claims arising from a fraudulent transfer that surpasses the seven year limitations period, UTICo's claim is barred as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment and **DENIES** UTICo's Cross-Motion for a Continuance.

**IT IS SO ORDERED.**

Dated: March 27, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE